## Tirelli & Wallshein, LLP

Westchester Financial Center
50 Main Street, Ste. 405
White Plains, New York 10606
Phone (914)732-3222

Linda M. Tirelli*
Charles H. Wallshein**

*Admitted CT, USDCCT, SDNY, EDNY and SCOTUS
**Admitted NY, USDC EDNY

## CONTRACT FOR CHAPTER 13 BANKRUPTCY SERVICES

This Agreement is executed on this **7th day of May 2018**, by and between Tirelli & Wallshein (the Attorney) and **Yanaira Polanco** (hereafter referred to as "the Debtor"). The parties agree as follows:

**1. Type of Bankruptcy.**

Debtor retains attorney to file a Chapter 13 bankruptcy case. If the Debtor determines at a later date that the Debtor desires to file a Chapter 7 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation. If Debtor elects to convert the Chapter 13 case to a Chapter 7 case, then Attorney shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

**2. Base Attorney Fees.**

The base attorney fee for filing the Chapter 13 bankruptcy case is **$6,500.00** The base fee shall be as follows: the sum of **$6,500.00** paid as an "up front" payment in part prior to filing, and the remaining balance of **$0.00** will remain in the Plan. While the base fee covers the anticipated services itemized below it is not a flat fee for additional related services and does not cover other services which may become necessary at some point in your case. Services not cover by the base fee are referred to as "non-base fees" and are more fully explained herein below. The services of the attorney included in the base fee are those normally contemplated for a Chapter 13 case. The base fee includes the services listed below:

- (a) Contacting creditors pre-petition regarding Letters of Representation.
- (b) Accepting calls and answering questions from your creditors pre-petition.
- (c) Drafting and mailing requests for payoff statements for mortgage and secured debts pre-petition.
- (d) Preparation and electronic filing of petition, schedules, supplemental local forms, Chapter 13 Plan and mailing matrix.
- (e) Drafting and mailing notice to creditors advising of filing of case, including a copy of your Chapter 13 Plan.
- (f) Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting and your other responsibilities.
- (g) Preparation for and attendance at Section 341 meeting.


INITIALS

1

(h) Review of order confirming plan and periodic case status reports from the Chapter 13 trustee.
(i) Review of trustee's motion for allowance of claims.
(j) Maintaining custody and control of case files.
(k) Service of orders on all affected parties.
(l) Verification of your identity and social security number.

The base fee shall also include the following services to the extent they are requested or reasonably necessary for your effective representation:

(a) Preparation and filing of proofs of claim on your behalf for your creditors.
(b) Drafting correspondence inquiring about scheduled and unscheduled proofs of claim.
(c) Motions to transfer venue.
(d) Requesting copies of proofs of claim from Trustee.
(e) Consultation with you regarding obtaining post-petition credit (no motion filed).
(f) Adding creditor address to mailing matrix as necessary.
(g) Responding to written creditor contacts regarding plan terms, valuation of collateral, claim amounts and the like.
(h) Responding to your contacts regarding changes in your financial and personal circumstances and advising the Court and Trustee of the same.
(i) Communicating with you regarding payment defaults, insurance coverage, credit disability and the like.
(j) Obtaining and providing the Trustee with copies of documents relating to lien perfection issues.
(k) Notifying creditors of entry of discharge and providing you with information regarding contacts credit bureaus regarding your discharge.
(l) Notifying creditors by certified mail of alleged violations of the automatic stay.
(m) Drafting and mailing letters regarding voluntary turnover of property.
(n) Review of documents in relation to the use or sale of collateral (no motion filed).
(o) Providing you with answers to frequently asked questions and other routine communications with you.

3. **Non-Base Attorney Fees.**

In some Chapter 13 cases, the legal services which are beyond those contemplated in the base fee must nonetheless be provided and billed as follows: the time devoted to the case by a Partner Attorney will be billed at the rate of $500 per hour; the time devoted to the case by an Associate Attorney will be billed at the rate of $350.00 per hour; and time devoted to the case by paralegals of the Attorney will be billed at the rate of $200.00 per hour. These non-base legal services include but are not limited to the items listed below:

(a) Abandonment of property post-confirmation.
(b) Motion for moratorium.
(c) Motion for authority to sell property.
(d) Motion to modify.
(e) Motion to use cash collateral or to incur credit.

INITIALS

2

(f) Defense of motion for relief from stay or co-debtor stay.
(g) Defense of motion to dismiss filed after confirmation of your plan.
(h) Non-base fee requests.
(i) Stay violation litigation, including amounts paid as fees by the creditor or other party.
(j) Post-discharge injunction actions.
(k) Loss Mitigation and Procedures
(l) Adversary proceedings.
(m) Wage garnishment orders
(n) Turnover adversaries.
(o) Conversion to Chapter 7.
(p) Motions to substitute collateral.
(q) Motions For Discharge.
(r) Objecting to claims
(s) Adversary proceedings
(t) All motion practices
(u) Any other matter not covered by the base fee.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for such services.

The Attorney, in his or her discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. The current hourly fee for your Attorney is $500.00. All base and non-base fees will be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan. It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or both.

### 4. Expenses.

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services. Such expenses include but are not limited to court fees, telephone fees, fax fees, copy fees, postage fees, PACER fees, electronic FOIL request fees or other research fees. In the Court's discretion, the Attorney may request without any notice or documentation a blanket expense of $1.00 for each item noticed to creditors as an expense for postage, copying and envelopes.

### 5. Court Approval of Fees.

All fees included in this Agreement are subject to the control of the United States Bankruptcy Court for the federal district in which your bankruptcy case is filed. Any changes in the presumed non-base fees by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the non-base fees and shall be incorporated herein by this reference. Any subsequent increase in the base fees by the Court shall have no impact on the original base fee provided for in this Agreement.

### 7. Assumptions for the Base Fee.

_____
INITIALS

The base fee is based on the following assumptions:

(a) The Debtor has provided the Attorney with all requested information.
(b) The Debtor has provided the Attorney with complete and accurate information.
(c) The Debtor's circumstances, especially the Debtor's current monthly income (as defined by the Bankruptcy Code) does not substantially change prior to the filing of the case.
(d) The Debtor will provide all requested documents <u>within 15 days of the date of this Agreement.</u>

## 8. Costs and Expenses to be paid directly by Debtor.

The debtor shall pay all costs related to the filing of the bankruptcy case. These costs currently include the court filing fee of $310.$^{00}$; the costs of mandatory pre-filing credit counseling, which is approximately $50.$^{00}$; the mandatory post-filing educational course, which is also approximately $50.$^{00}$; the costs of any PACER checks, which is approximately $10.00; the costs of any appraisals of real or personal property; the costs of obtaining current consumer reports via "Suite Solutions," a third party vendor, $35-$70; and any other costs as agreed to by the parties.

## 9. First Payment.

The Debtor must be in a position to make the first full Chapter 13 monthly plan payment 30 days from the time the Debtor signs the Chapter 13 court papers. This payment must be made at this time because under local Court Rules the case will be automatically dismissed unless this payment is made within 30 days of the filing of the bankruptcy case. The Debtor must also pay or have paid the $310.00 filing fee at the time of signing and secured and paid for the consumer credit counseling certificate.

## 10. Loss Mitigation / Loan Modification

While no guarantee of success is guaranteed, loan payments for current and arrears may be effected by loss mitigation or loan modification with a creditor.

## 11. Debtor's Obligations.

The Debtor's obligations are as follows:

(a) To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings account, and income information within 15 days of this agreement, and to sign any and all necessary forms to allow the Attorney to secure such documentation.
(b) To provide accurately and honestly all of the information necessary to prepare and file the Chapter 13 bankruptcy case, and other motions or proceedings arising during the course of the case.
(c) To timely respond to all letters, emails and telephone calls from the Attorney or any member of her staff.


INITIALS

4

(d) To keep the Attorney advised at all times of the Debtor's mailing and physical addresses, telephone numbers, and email addresses.
(e) To appear at the first meeting of creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other party.
(f) To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.
(g) To contact the attorney by Telephone with the understanding that the Attorney is only able to return calls between the hours of 8:00 a.m. to 9:30 a.m. and 4:00 p.m. to 6:00 p.m. If the Attorney is available when the call is actually received, then the call will be taken at that time. However, if you have to leave a message for the Attorney then you must provide a number that you can be reached at during the designated times. The Attorney or Legal Assistant will make every effort to return all such telephone calls within 48 hours, excluding weekends and holidays. The best way to contact the attorney is by email, please insert your full name in the subject line of every email.
(h) To provide any information requested of the Debtor by the Chapter 13 Trustee, the Bankruptcy Administrator, or any other party in the case, unless the Court rules that the Debtor is not required to provide such information.
(i) To respond as soon as possible to any requests for the Debtor by the Attorney or his Legal Assistant.
(j) To comply with the obligations imposed upon the Debtor by the Local Rules of the Bankruptcy Court for the district in which your case is filed or will be filed, as advised by the debtor's Attorney.
(k) To sign a tax authorization form to authorize the Attorney to get copies of income tax returns from the respective taxing agencies for a period of four (4) years prior to the filing of your bankruptcy case.
(l) To provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of your bankruptcy petition packet.

12. **Attorney Withdrawal from Chapter 13 case, Adversary Proceeding or Contested Matter.**

Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court. The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include but are not limited to the following:

(a) The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.
(b) The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.

INITIALS

5

(c) The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.

(d) The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 13 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.

(d) The failure of the Debtor to provide complete, truthful and accurate information to the Court, the Chapter 13 Trustee and the Bankruptcy Administrator.

(e) If the Debtor are husband and wife, then any separation, serious domestic dispute, or divorce of the parties.

(f) Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

## 13. Refund of Percentage of Base Fee

In the event the legal services provided herein are terminated by either party prior to filing a bankruptcy case, under any chapter, then the Debtor may be entitled to a refund of a portion of the Base Fee. The refund shall be determined by the number of hours devoted by a Partner of this firm to the case prior to the time of termination, computed at the rate of $500.00 per hour; by the time devoted to the case by an Associate Attorney computed at the rate of $350.00 per hour; by the time devoted to the case by paralegals of the Attorney computed at the rate of $200.00 per hour, by adding all expenses incurred (such as copies, postage, securing records and documents, tax transcripts, credit reports, etc); and then by deducting the total amount of all charges from the Base Fee. In the even the total of all such fees and charges exceed the Base Fee, the Debtor's liability shall be limited to the amount of the Base Fee.

Dated: _____   By: _____
                                    Tirelli & Wallshein, LLP

Dated: ___6/7/18___   By: _____
                           Yahaira Polanco

_____
INITIALS

6

# TIRELLI & WALLSHEIN

Westchester Financial Center
50 Main Street, Suite 405
White Plains, New York 10606
Phone (914)682-2064

Linda M. Tirelli*
Charles H. Wallshein**

*Admitted CT, USDCCT, SDNY, EDNY and SCOTUS
**Admitted NY, USDC EDNY

May 7, 2018

Received $6810.00 from Yanaira Polanco representing $6500 for chapter 13 base legal fees and $310.00 court filing fee.

_____— COPY —_____
Tirelli & Wallshein, LLP

Legal Fee: $6500.00
Filing Fee: $310.00
Total Due: $6810.00

Amt. Paid: $6810.00 05/07/2018
Balance Due: $0.00